UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darlene Daevu, | No. C 09-0406 JL |
|     Plaintiff, | |
|     v. | **ORDER OF REIMBURSEMENT** |
| San Mateo County, et al., | |
|     Defendants. | |
| _____/ | |

      This Court finds that Plaintiff is entitled to reimbursement for her costs of attending the hearing on Defendants' motion to dismiss and strike her complaint on December 2, 2009, when Defendants' counsel failed to appear and the matter had to be re-scheduled.

      Plaintiff filed her formal request detailing her expenses, and Defendants filed their objection to some of Plaintiff's expenses. Specifically, Defendants objected to Plaintiff's claim for reimbursement of costs for service of process of her original complaint on the County, as well as costs for postage. Defendants argued that neither of these costs appear to relate in any manner to Plaintiff's attendance at the December 2, 2009 hearing. Accordingly, Defendant County objected to those amounts, totaling $83.40, in Plaintiff's reimbursement request.

1  In addition Defendants objected to Plaintiff's request for $128.55 as reimbursement of her wages at $32.13 an hour for 4 hours. Defendants' basis was that Plaintiff had not provided any evidence of her wages or proof that she missed four hours of paid work to attend the hearing on December 2, 2009. Defendants conceded that if Plaintiff indeed missed 4 hours of work and had proof that she would have earned $128.55 during those 4 hours, Defendants would have no objection to reimbursing Plaintiff that amount. Defendants requested evidence of Plaintiff's employment at wages of $32.13 an hour, and evidence that she would have otherwise been working at that rate on the morning of December 2, 2009.

The Court carefully considered the parties' positions and finds that Plaintiff is not entitled to reimbursement for service of process of her original complaint or for postage, since these expenses were not related to her appearance at the hearing on December 2.

However, the Court takes judicial notice that the hearing was held on a Wednesday morning, a work day, and further accepts Plaintiff's representation of her hourly wage and finds reasonable her representation of the number of hours she spent in traveling to the courthouse, waiting for her case to be called, appearing for the hearing which Defendants' counsel failed to attend, and then traveling back to work. The Court also accepts Plaintiff's representation of her hourly wage, just as the Court would accept an attorney's representation of an hourly billing rate, without requiring any so-called "proof."

Accordingly, Defendants shall forthwith reimburse Plaintiff for her lost wages in the amount of $128.55.

IT IS SO ORDERED.

DATED: January 28, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-0406\Order Grant 32 .wpd